**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIONNE ESCALERA WONG,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:07-cv-1207-Orl-22DAB**

**AFFILIATED COMPUTER SERVICES,**
**INC., and DARWIN A. DEASON,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration with oral argument[1] on the following motion filed herein:

> **MOTION:**   **DEFENDANT DARWIN A. DEASON'S MOTION FOR SANCTIONS (Doc. No. 7)**
>
> **FILED:**     **October 19, 2007**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff filed suit against Defendants Affiliated Computer Services, Inc. ("ACS") and Darwin Deason for unpaid overtime arising under the Fair Labor Standards Act and for claims under the Family Medical Leave Act. Defendant Darwin Deason seeks sanctions against Plaintiff and her counsel for alleging claims against him, arguing that as Chairman of the Board of Directors of ACS, he "has had no role whatsoever in the day to day management of the Company" since February 1999. Doc. No. 7. He also contends that he never had supervisory authority over Plaintiff and he never had

---

[1] Oral argument was held on November 26, 2007.

any interaction with her. *Id.* Deason seeks sanctions under Federal Rule of Civil Procedure 11 and under 28 U.S.C. § 1927.

**28 U.S.C. § 1927**

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 is penal in nature and must be strictly construed. *Monk v. Roadway Express, Inc.*, 599 F.2d 1378, 1382 (5th Cir. 1979), *aff'd sub nom., Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980) (declaring that § 1927 is not a "catch-all" provision for sanctioning objectionable conduct by counsel). The Eleventh Circuit has acknowledged that "there is little case law in th[e] circuit concerning the standards applicable to the award of sanctions under § 1927." *Jerelds v. City of Orlando*, 194 F.Supp.2d 1305, 1312 (M.D. Fla. 2002), *aff'd*, 251 F.3d 164 (11th Cir. 2001) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997)).

The section sets forth three requirements to justify an imposition of sanctions: (1) an attorney must engage in "unreasonable and vexatious" conduct; (2) such "unreasonable and vexatious" conduct must "multipl[y] the proceedings"; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001). Some courts have construed the language "unreasonably and vexatiously" to require a showing of intent, recklessness, or bad faith, while other courts have ruled that § 1927 does not require a demonstration of subjective bad faith as a precondition to the imposition of sanctions. *Jerelds*, 194 F.Supp.2d at 1312. These courts have stated that § 1927 requires a more relaxed, objective standard that does not require conscious impropriety. *Id.* "[M]erely unintended, inadvertent, and negligent acts will not support the imposition of sanctions under § 1927." *Id.* Rather, the power to impose

-2-

sanctions under § 1927 should be exercised "only in instances of a serious and studied disregard for the orderly processes of justice."*Id.* (citing *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968) (concluding that Congress intended to impose a sanction on conduct more culpable than mere unintentional discourtesy to a court when it conjoined the word "vexatiously" with "unreasonably")).

### Federal Rule of Civil Procedure 11

Federal Rule of Civil Procedure 11 states, in pertinent part:

Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading . . . an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> * * *
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).

The Eleventh Circuit follows a two step approach to evaluating conduct under Rule 11:  1) whether the party's claims are objectively frivolous; and 2) whether the person who signed the pleadings should have been aware that they were frivolous. *Baker v. Alderman*, 158 F. 3d 516, 524 (11th Cir. 1998).  As the Eleventh Circuit has noted: "Rule 11 requires district courts to impose 'appropriate sanctions,' after notice and a reasonable opportunity to respond, where an attorney or party submits a [paper] to the court that: (1) is not well-grounded in fact, *i.e.*, has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. *See* Fed.R.Civ.P. 11(b)." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002).  For Rule

11 purposes, an objective standard of "reasonableness under the circumstances" is applied and the Court looks to "what [it] was reasonable to believe at the time" the pleading, motion or other paper was submitted. *Id.*; *see also Baker*, 158 F.3d at 524 (sanctions are warranted when a party exhibits a deliberate indifference to obvious facts but not when evidence is merely weak).

Rule 11 also contains a "safe harbor" provision which provides that a party moving for Rule 11 sanctions must serve the motion, and shall not file it with the Court unless, within 21 days of service, the challenged allegations are not withdrawn. Fed. R. Civ. P. 11(c)(1)(A). Here, Deason's counsel sent a letter to Plaintiff's counsel on September 25, 2007 and, according to representations at the hearing, called him three times, but received no response. Deason filed the Motion for Sanctions on October 19, 2007 after waiting the requisite 21 days. Doc. No. 7.

**Fair Labor Standards Act**

Under the Fair Labor Standards Act ("FLSA"), an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To be held liable under the FLSA, a person must be an "employer," which the statute defines broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Eleventh Circuit applies the economic reality test to determine whether a particular defendant is a statutory "employer" within the meaning of the FLSA, including whether the individual: 1) had the power to hire and fire the employees; 2) supervised and controlled the employee work schedules or conditions of employment; 3) determined the rate and method of payment; and 4) maintained employment records. *Villareal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997).

Plaintiff contends that the affidavit by an individual in ACS's legal department filed in support of Deason's Motion for Sanctions does not sufficiently dispute the "economic reality test" factors, but

merely denies generally that Deason has statutory employer liability. Doc. No. 13. Plaintiff also contends that the FLSA does not require that a statutory employer have direct supervisory authority over the employee; he may be liable, Plaintiff contends, if he has responsibility or involvement in the terms and conditions for the company's employees "as a whole." *Id*. At the November 26, 2007 hearing on the matter, Plaintiff's counsel, Mr. Pantas, argued that Deason, as Chairman of the Board of Directors of ACS, *presumably* had the "power to hire and fire employees." Mr. Pantas also argued that Deason fell into the category of "determining the rate and method of payment" in that (based on public information he found on the internet), Deason is chair of the "compensation committee" for ACS; ergo, Plaintiff contends, Deason must control "compensation" for all of the 62,000[2] employees in the company. Both of Mr. Pantas's erroneous assumptions – concerning Deason's power to hire and fire and his control over "compensation" of *all* employees – were not not well-grounded in fact and were not "reasonable under the circumstances" to meet the requirements of Federal Rule of Civil Procedure 11.

As the Court stated at the hearing, Mr. Pantas's contentions about Deason's responsibilities were suppositions or possibilities, and nothing more. He cannot sue the Chairman of the Board as a statutory employer under the FLSA and then rely on "further discovery" during the litigation to find out whether he was responsible for setting compensation for *this* particular employee/Plaintiff. Especially in light of the fact that ACS is a publicly-held, Fortune 500 company, with tens of thousands of employees, Mr. Pantas's suppositions were not well-grounded in fact and Rule 11 sanctions are warranted.

---

[2]Counsel for ACS represented the company has 62,000 employees.

However, the Court does not find that Mr. Pantas's conduct was "unreasonable and vexatious" within the meaning of § 1927. Naming Deason as a Defendant without having served him or undertaken any discovery, has clearly not yet "multiplied the proceedings," which are in a very preliminary stage, with abbreviated discovery on the FLSA claims. Moreover, Mr. Pantas said that he would have dropped the claims against Deason when he received Deason's own affidavit attesting to his lack of responsibility for Plaintiff's compensation, which he received just prior to the hearing beginning. While the strategy to name Deason as a Defendant was not well-grounded in fact, it was not done in bad faith and it was short-lived.

Therefore, the Court finds that a sanction of $1,000.00 for attorney's fees for motions costs against Plaintiff's counsel, Konstantine Pantas, Esq., is warranted for violation of Rule 11 for the lack of a proper investigation into the claims brought against Darwin Deason.[3] It was clear from Mr. Pantas's comments at the hearing that the decision to name Deason as a Defendant was based on his own research and not based on Plaintiff's representations, thus, no sanction against the Plaintiff is warranted.

**DONE** and **ORDERED** in Orlando, Florida on November 27, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[3] The Motion for Sanction does not concern the claims brought against ACS.