**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DIONNE ESCALERA WONG,**

                **Plaintiff,**

**-vs-**                                                 **Case No. 6:07-cv-1207-Orl-22DAB**

**AFFILIATED COMPUTER SERVICES,
INC., and DARWIN A. DEASON,**

                **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*  A Settlement Fairness Hearing was held on March 10, 2008 with counsel for both parties attending by telephone.

Plaintiff was employed by Defendants as a greeter, clerical employee, and a career counselor; she sought $7,590 for alleged overtime worked, unpaid wages, and liquidated damages. On December 7, 2007, Affiliated Computer Services, Inc. served on Plaintiff an offer of judgment for $10,000, which is actually more than 20% in excess of the amount sought. Doc. No. 27. Plaintiff accepted the Offer of Judgment on December 20, 2007. Doc. No. 27.

Plaintiff's attorneys have filed documentation supporting a claim of $2,074 in attorney's fees and $405 in costs. Plaintiff's attorney, Mr. Pantas, accrued roughly 5.0 hours at an hourly rate is $300; an associate, Mr. Adams, accrued 0.7 hours at a rate of $250 per hour; and paralegal time of 3.80 was expended at a rate of $105 per hour (which collectively total $2,074). The parties have not resolved the attorney's fees portion of the case as of the hearing.

Plaintiff's acceptance of the offer of judgment in the amount of $10,000 for her unpaid wages and liquidated damages is a fair and reasonable settlement of the merits of the case. It is **RECOMMENDED** that the settlement by offer of judgment be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. It is further **RECOMMENDED** that the case be closed, subject to reopening as to the issue of fees only for a period of 10 days in the event the parties cannot agree.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 10, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy